DEPARTMENT OF ENVIRONMENTAL QUALITY v WORTH
TOWNSHIP (ON REMAND)

Docket No. 289724. Submitted June 27, 2012, at Lansing. Decided
    December 11, 2012, at 9:00 a.m. Vacated in part, 494 Mich 860.
The Department of Environmental Quality and the Director of the
    Department of Environment Quality filed an action in the Ingham
    Circuit Court against Worth Township, seeking injunctive relief.
    Plaintiffs alleged that defendant lacked a sanitary-sewerage sys-
    tem; that defendant relied on private septic systems; that many of
    those systems were failing, releasing effluent into the waters of the
    state, including Lake Huron. Plaintiffs argued that defendant was
    responsible for the discharge under part 31 of the Natural Re-
    sources and Environmental Protection Act (NREPA), MCL
    324.101 *et seq.*, and asked the court to require defendant to
    construct a sanitary-sewerage system. The court, Joyce Dragan-
    chuk, J., granted plaintiffs' motion for summary disposition and
    denied defendant's motion for summary disposition. The circuit
    court ordered defendant to take corrective action to cease the
    discharge, set forth a time frame for defendant to design and
    construct the project that defendant selected for the corrective
    action, imposed a $60,000 fine and awarded attorney fees. The
    Court of Appeals, OWENS, P.J., and SAWYER, J. (O'CONNELL, J.,
    dissenting), reversed the circuit court's order, concluding that
    MCL 324.3109(2) did not impose a responsibility on defendant to
    repair failing septic systems owned by private individuals. 289
    Mich App 414 (2010). The Supreme Court reversed, concluding
    that, under the NREPA, a municipality can be held responsible for,
    and required to prevent, the discharge of effluent when raw
    sewage originates within its border. The Supreme Court remanded
    the case to the Court of Appeals to address defendant's remaining
    issues that had not been addressed during the original appeal. 491
    Mich 227 (2012).

    On remand, the Court of Appeals *held*:

    1. Const 1963, art 9, § 29 prohibits the state Legislature from
requiring any new or expanded activities by local governments
without full state financing. This so-called Headlee Amendment
seeks to eliminate the financial burden imposed on local units of

government whenever the state by statute shifts to local government the burden of performing and funding essential services that were previously funded at the state level. Conversely, a statutory increase in the cost of services already performed predominantly by units of local government does not violate the Headlee Amendment because the increase does not lessen the state's financial burden. The NREPA's requirement that defendant take corrective action in regard to the discharge of raw sewage in its township, MCL 324.3109(2), does not violate the Headlee Amendment because, while it may financially burden defendant, it did not shift the financial burden from the state to defendant or impose a new burden. Rather, it required defendant to comply with legislation that has historically made municipalities responsible for the discharge of raw sewage that originates within its borders.

2. The DEQ has authority to take all appropriate steps to prevent any pollution the department considers to be unreasonable and against public interest. In addition MCL 324.3115(1) allows a court to impose a civil fine of not less than $2,500 and award reasonable attorney fees and costs to the prevailing party in an action brought under the NREPA. The circuit court had authority under MCL 324.3115(1) to require compliance with the NREPA by creating a timeframe during which defendant was required to propose and implement a corrective plan, and to impose a fine and award attorney fees.

Affirmed.

1. CONSTITUTIONAL LAW — HEADLEE AMENDMENT — NATURAL RESOURCES AND ENVIRONMENTAL PROTECTION ACT — MUNICIPAL CORPORATION — DISCHARGE OF RAW SEWAGE.

An order requiring a municipality to take corrective action to stop the discharge of raw sewage from private septic systems within its borders, in accordance with the Natural Resources and Environmental Protection Act, MCL 324.101 *et seq.*, does not violate the Headlee Amendment's prohibition against the Legislature requiring any new or expanded activities by local governments without full state financing; municipalities have historically been responsible for the discharge of raw sewage that originates within its border and such an order would not improperly shift the financial burden from the state to a municipality or impose a new burden (Const 1963, art 9, § 29).

2. FINES — NATURAL RESOURCES AND ENVIRONMENTAL ACT — VIOLATIONS — COSTS AND ATTORNEY FEES.

A circuit court may impose a civil fine of not less than $2,500 and award attorney fees and costs to the prevailing party in an action

brought under the Natural Resources and Environmental Protection Act, MCL 324.101 *et seq.* (MCL 324.3115[1]).

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Richard A. Bandstra*, Chief Legal Counsel, and *Alan F. Hoffman*, Special Assistant Attorney General, for the Department of Environmental Quality and the Director of the Department of Environmental Quality.

*The Hubbard Law Firm* (by *Michael G. Woodworth*) for Worth Township.

ON REMAND

Before: OWENS, P.J., and SAWYER and O'CONNELL, JJ.

SAWYER, J. This case, which turns on the interpretation of Michigan's Natural Resources and Environmental Protection Act (NREPA)[1], originally came to us on appeal of the circuit court's decision granting summary disposition to plaintiff, Department of Environmental Quality (DEQ),[2] and requiring defendant, Worth Township, to take necessary actions to remedy failing private septic systems within its borders. The trial court's order additionally imposed a $60,000 fine and awarded attorney fees. We reversed the lower court's order, holding that MCL 324.3109(2) did not impose a responsibility on defendant for failing septic systems owned by individuals. *Dep't of Environmental Quality v Worth Twp*, 289 Mich App 414; 808 NW2d 260 (2010).

The Supreme Court reversed our decision and remanded to this Court to address defendant's remaining

[1] MCL 324.101 *et seq.*

[2] Although the Director of the DEQ is listed as a separate plaintiff, for ease of reference, "plaintiff" or "DEQ" will be used interchangeably to mean either or both the DEQ and its Director.

arguments on appeal: (1) whether the remedial action ordered by the trial court violates the Headlee Amendment, Const 1963, art 9, § 29, and (2) whether MCL 324.3115(1) authorizes the trial court's order imposing a schedule for remedial action, a fine, and an award of attorney fees. *Dep't of Environmental Quality v Worth Twp*, 491 Mich 227, 231 n 4; 814 NW2d 646 (2012). We conclude that the lower court's order does not violate the Headlee Amendment and that MCL 324.3115(1) does authorize the circuit court to "require compliance" to NREPA and assess fines and attorney fees at its discretion.

Defendant, a common-law township located in Sanilac County along Lake Huron, does not operate a public sanitary-sewerage system. Instead, all residences and businesses within the township use private septic systems. Several of these private septic systems, all of which are located on a five-mile stretch of land between M-25 and Lake Huron, have begun to fail, resulting in effluent being discharged into Lake Huron and its tributaries. Despite the urging of plaintiff and the county health department over the past several years, defendant has declined to construct a public sanitary-sewerage system due to the financial burden associated with its construction.

Defendant's refusal to construct a public sanitary-sewerage system resulted in plaintiffs filing suit to force defendant's compliance with NREPA. The parties subsequently filed cross-motions for summary disposition, which was granted to plaintiff. In granting plaintiff's motion for summary disposition, the circuit court issued an opinion and order that established a time frame during which defendant would design and implement a plan to remedy the discharge of raw sewage into state waters by failing septic systems located within defen-

dant's borders.[3] The trial court additionally imposed a $60,000 fine and awarded attorney fees. Defendant then sought to appeal the trial court's decision.

On appeal, we framed the issue as whether MCL 324.3109(2) imposes a responsibility on defendant for the failure of private septic systems within its borders, and our majority concluded it did not. *Worth Twp*, 289 Mich App at 417. Having concluded that defendant was not responsible for the failing septic systems, we did not address the remaining issues raised by defendant on appeal. *Id.* at 424. Our Supreme Court, however, granted plaintiffs' application for leave to appeal, reversed our decision, and remanded the matter to us to decide the remaining issues. *Worth Twp*, 491 Mich at 231. Accordingly, we now conclude that the circuit court may enforce defendant's compliance with MCL 324.3109(2) in accordance with the remedies listed in MCL 324.3115(1) without violating the Headlee Amendment, Const 1963, art 9, § 29.

This Court reviews de novo questions of law requiring constitutional interpretation. *Mich Dep't of Transp v Tomkins*, 481 Mich 184, 190; 749 NW2d 716 (2008). When interpreting Michigan's constitution, this Court seeks to determine "the original meaning of the text to the ratifiers, the people, at the time of ratification." *Id.* at 191. Likewise, "the circumstances surrounding the

---

[3] The court's order merely set a deadline by which defendant needed to submit a corrective plan for plaintiff's approval and a timeframe to begin the plan's implementation. However, plaintiff's statement that the only practical corrective action would be the construction of a sanitary-sewerage system implies that, in order to meet with plaintiff's approval, defendant's plan must necessarily propose the construction of a sanitary-sewerage system. Therefore, although not directly ordered by the court, the court's order imposes upon defendant the burden of financing, constructing, and maintaining a sanitary-sewerage system. *Worth Twp*, 289 Mich App at 417 n 2.

adoption of a constitutional provision and the purpose sought to be accomplished" should be used to clarify the meaning of the provision's language. *Traverse City Sch Dist v Attorney General*, 384 Mich 390, 405; 185 NW2d 9 (1971).

In 1978, Michigan voters ratified an amendment to the state constitution prohibiting the state from "requiring any new or expanded activities by local governments without full state financing . . . ." Const 1963, art 9, § 25.

That amendment states:

> The state is hereby prohibited from reducing the state financed proportion of the necessary costs of any existing activity or service required of units of Local Government by state law. A new activity or service or an increase in the level of any activity or service beyond that required by existing law shall not be required by the legislature or any state agency of units of Local Government, unless a state appropriation is made and disbursed to pay the unit of Local Government for any necessary increased costs. The provision of this section shall not apply to costs incurred pursuant to Article VI, Section 18. [Const 1963, art 9, § 29.]

Our Supreme Court discussed this amendment in a previous decision:

> Article 9, §§ 25-34 was presented to the voters under the popular term "Headlee Amendment," named after its original proponent, Richard Headlee. It was proposed as part of a nationwide "taxpayer revolt" in which taxpayers were attempting to limit legislative expansion of requirements placed on local government, to put a freeze on what they perceived was excessive government spending, and to lower their taxes both at the local and the state level. [*Durant v State Bd of Ed*, 424 Mich 364, 378; 381 NW2d 662 (1985).]

The *Durant* Court also noted that voters "were striving to gain more control over their own level of taxing and over the expenditures of the state." *Id.* at

383. Thus, the Headlee Amendment is construed as "the voters' effort to link funding, taxes, and control." *Id.*

To that extent, the Headlee Amendment seeks to head off the financial burden imposed on units of local government whenever the state statutorily shifts to local government the burden of performing and funding essential services that were previously funded at the state level. *Livingston Co v Dep't of Mgt & Budget*, 430 Mich 635, 645; 425 NW2d 65 (1988). Conversely, increasing the costs of services already "performed predominantly by units of local government does not lessen the state's financial burden" and, therefore, does not implicate Headlee. *Id.*

In sum, Headlee applies whenever legislation enacted on or after December 23, 1978 (the date the Headlee Amendment went into effect) *requires* a unit of local government to increase its level of activity or service. *Id.* at 648 ("[A]rt 9 § 29 refers only to required, not optional, services or activities."). Furthermore, Headlee applies only when a statutory requirement lessens the state's burden by shifting to units of local government the responsibility of providing services once provided or funded by the state. *Id.* at 645.

The act in question in this case, NREPA, became effective March 30, 1995. Furthermore, pursuant to our Supreme Court's holding in the case at hand, "under NREPA, a municipality can be held responsible for, and required to prevent, the discharge when the raw sewage originates within its borders . . . ." *Worth Twp*, 491 Mich at 230-231. Therefore, it appears as if this case meets with the first requirement when applying Headlee. However, where the present case fails to implicate Headlee is on the second requirement because, despite the financial burden imposed upon defendant by this

statute, defendant's increase in services will not lessen the state's financial burden.

In his dissent to our previous opinion on this matter, Judge O'CONNELL addressed this exact issue:

> Historically, townships have been responsible for addressing issues concerning the infrastructure needed to provide proper utilities and access to properties within their boundaries. This includes the responsibility for overseeing proper disposal of sewage generated by businesses and residences within the township. . . .
>
> * * *
>
> After MCL 323.1 *et seq.* was enacted, it went through several amendments and eventually was incorporated into part 31 of NREPA, MCL 324.3101 *et seq.* When it incorporated the statute into NREPA, the Legislature did not alter a township's responsibility for the discharge of raw sewage into state waters. [*Worth Twp*, 289 Mich App at 437-439.]

Because NREPA does not impose a new burden on defendant, but rather requires defendant to comply with legislation that has historically made units of local government responsible for the discharge of raw sewage that originates within its borders, we conclude that enforcing the remedial measures contained in NREPA does not violate the Headlee Amendment.

Next, we consider whether MCL 324.3115(1) authorizes the trial court's order imposing a schedule for implementing corrective action, a $60,000 fine, and an award of attorney fees.

MCL 324.3115(1) states in pertinent part:

> An action under this subsection may be brought in the circuit court for the county of Ingham or for the county in which the defendant is located, resides, or is doing business. If requested by the defendant within 21 days after service of process, the court shall grant a change of venue

to the circuit court for the county of Ingham or for the county in which the alleged violation occurred, is occurring, or, in the event of a threat of violation, will occur. The court has jurisdiction to restrain the violation and to require compliance. In addition to any other relief granted under this subsection, the court, except as otherwise provided in this subsection, shall impose a civil fine of not less than $2,500.00 and the court may award reasonable attorney fees and costs to the prevailing party. However, all of the following apply:

(a) The maximum fine imposed by the court shall be not more than $25,000.00 per day of violation.

As with constitutional interpretation, we review de novo questions of law requiring statutory interpretation. *Tomkins*, 481 Mich at 190. This Court interprets statutes according to the intent of the Legislature. *Farrington v Total Petroleum, Inc*, 442 Mich 201, 212; 501 NW2d 76 (1993). Likewise, in the absence of ambiguities, we look first to the plain language of the statute. *House Speaker v State Admin Bd*, 441 Mich 547, 567; 495 NW2d 539 (1993).

The obvious intent of NREPA is to protect Michigan's natural resources, including (as is pertinent here) its lakes and waterways. To that extent, NREPA authorizes the DEQ to "establish pollution standards for lakes, rivers, streams, and other waters of the state. . . ." MCL 324.3106. Additionally, NREPA empowers the DEQ to "take all appropriate steps to prevent any pollution the department considers to be unreasonable and against public interest. . . ." MCL 324.3106. Additionally, our Supreme Court specifically referenced Judge O'CONNELL's dissent to our earlier opinion, noting "it is clear that, historically, the Legislature intended that a local unit of government, such as a township, be responsible for discharges into state

waters involving raw sewage originating within its boundaries." *Worth Twp*, 491 Mich at 242.

According to the plain language of the statute, "[t]he court has jurisdiction to restrain the violation and to require compliance." MCL 324.3115(1). The statute's language also directs the court to "impose a civil fine of not less than $2,500.00" and gives the court discretion to "award reasonable attorney fees and costs to the prevailing party." MCL 324.3115(1).

Our Supreme Court has concluded that defendant is in violation of MCL 324.3109(2) because raw sewage is being discharged into state waters by failing private septic systems owned by residents and businesses within defendant's borders. *Worth Twp*, 491 Mich at 230-231. Therefore, defendant is subject to the penalties and remedial actions set forth in MCL 324.3115(1). Pursuant to the plain language of the statute, the trial court has jurisdiction to "require compliance" with the act. Creating a timeframe by which defendant must propose and implement a corrective plan is not outside the court's authority. Our Supreme Court addressed this exact issue in its opinion:

> Finally, as noted, we hold that the trial court's decision requiring Worth Township to take necessary corrective action to prevent the discharge was within the court's jurisdiction under part 31 of NREPA. MCL 324.3115(1) grants the trial court jurisdiction "to restrain the violation and to require compliance" with part 31. [*Worth Twp*, 491 Mich at 250.]

Furthermore, the trial court did not explicitly direct defendant to construct a sanitary-sewerage system.[4] Instead, it directed defendant to devise a plan for approval by plaintiff—the party authorized by the stat-

---

[4] "Although the trial court specifically stated that it was not requiring Worth Township to construct a sewerage system in this case, it appears

ute to determine pollution standards and to take appro-
priate measures to prevent pollution. Likewise, the trial
court acted within its discretion by imposing a $60,000
fine and awarding attorney fees. For these reasons, we
affirm the trial court's order creating a time frame for
defendant's compliance and imposing a fine and award-
ing attorney fees.

In sum, we hold that requiring defendant's compli-
ance with MCL 324.3109(2) does not violate the Head-
lee Amendment because, although it may financially
burden the defendant, it does not shift the financial
burden from the state to a unit of local government.
Additionally, we affirm the trial court's order establish-
ing a timeframe for defendant's compliance and impos-
ing a fine and awarding attorney fees because such an
order is within the trial court's jurisdiction under MCL
324.3115(1).

Affirmed. Plaintiffs may tax costs pursuant to MCR
7.219.

OWENS, P.J., and O'CONNELL, J., concurred with SAWYER,
J.

---

that the parties agree that the most practical and comprehensive method
to restrain the discharge is for a sewerage system to be constructed."
*Worth Twp*, 491 Mich at 250-251.